IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LARRY L. WALKER,** | : CIVIL ACTION NO. 1:06-CV-2411 |
| Plaintiff | : (Judge Conner) |
| v. | : |
| **WILLIAM WENTZ, et al.,** | : |
| Defendants | : |

## ORDER

AND NOW, this 2nd day of July, 2007, upon consideration of plaintiff's motion (Doc. 21) for entry of default judgment against defendant Darrah's Autobody ("Darrah's"), and it appearing that Darrah's filed a motion to dismiss (Doc. 22),[1] it is hereby ORDERED that the motion for entry of default judgment (Doc. 21) is DENIED.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Darrah's filed the motion to dismiss two days after the expiration of the twenty-day time period set forth in Rule 12 of the Federal Rules of Civil Procedure. See FED. R. CIV. P. 12(a)(1)(A). Such a delay, however, does not warrant default against Darrah's. Plaintiff cannot demonstrate any prejudice to him from this two-day delay. See Hill v. Williamsport Police Dep't, 69 F. App'x 49, 51 (3d Cir. 2003) (stating that "[o]ur Court 'does not favor entry of defaults or default judgments,' as it prefers adjudications on the merits" and listing three factors, including prejudice to the plaintiff, for the court to consider when determining whether default judgment should be granted). Defendant's possible defense and reason for the delay are other factors for the court to consider. See id. Assuming *arguendo* that these other factors weigh in favor of default judgment, the court finds that the lack of prejudice to plaintiff outweighs these other factors in the instant matter.