IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LARRY LEE WALKER,** : | CIVIL ACTION NO. 1:06-CV-2411 |
| : | |
| **Plaintiff** : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **WILLIAM B. WENTZ, THE CITY OF** : | |
| **YORK, DARRAH'S AUTOBODY,** : | |
| **and STEVEN BUFFINGTON,** : | |
| : | |
| **Defendants** : | |

## **MEMORANDUM**

Plaintiff Larry Lee Walker ("Walker") maintains this action pursuant to 42 U.S.C. § 1983 alleging various infringements of his civil rights. Walker alleges that the impoundment of his automobiles and his arrest and prosecution for defiant trespass resulted in violations of his First, Fourth, and Fourteenth Amendment rights. Presently before the court are defendants' motions to dismiss (Docs. 20, 22). The motion (Doc. 20) of defendants City of York, William B. Wentz, and Steven Buffington asserts that Walker's claims must be dismissed because he pled guilty to the defiant trespass charges, thereby precluding him from asserting the instant civil rights claims arising from his prosecution. All defendants' motions (Docs. 20, 22) seek a more definite statement of the facts alleged in the complaint. For the reasons the follow, both motions will be granted in part and denied in part.

I.  **Statement of Facts**[1]

On May 28, 2005, defendant Officer William Wentz ("Wentz") placed four notices on vehicles situated on Walker's property and enclosed with a chain link fence. (Doc. 16 ¶ 12.) The notices required Walker to remove the vehicles within five days and stated that they would be towed at his expense if he failed to do so. (Id. ¶ 13.) The rationale for requiring Walker to remove the vehicles is unclear, and the notices allegedly stated only that "This car is parked on private property." (Id. ¶ 13, 15.)

On June 2, 2005, the fifth day after issuance of the notices, Walker had not relocated the vehicles. (Id. ¶ 15.) Wentz, accompanied by defendant Steven Buffington ("Buffington"),[2] visited Walker's property and observed that the vehicles remained unmoved. (Id.) Walker and Buffington summoned defendant Darrah's

---

[1]In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint. See infra Part II. The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

The precise sequence of events that led to Walker's prosecution and guilty plea cannot be discerned from the allegations of the second amended complaint. The recitation of the facts herein derives from all pleadings of record, (see Docs. 1, 5, 16), and from certified state court documents submitted by defendants, (see Doc. 36). In light of the court's difficulty distilling the fundamental facts of Walker's case from his complaint, the court will grant the defendants' motion for a more definite statement. See Part III.B, infra.

[2]The second amended complaint does not specify the nature of Buffington's employment with the City of York. Plaintiff's first amended complaint alleges that Buffington is the city's fire and rescue chief, (see Doc. 5 ¶ 2), and the second amended complaint refers generally to Wentz and Buffington as "police and codes enforcement officers." (see Doc. 16 ¶ 8.)

Autobody ("Darrah's") to remove the automobiles. An employee of Darrah's arrived in a tow truck, opened the chain link fence, and began towing the vehicles. (Id. ¶¶ 15, 27)

Walker observed Darrah's removing his vehicles, and approached Wentz and Buffington, who were standing nearby. (Id. ¶ 16.) Buffington responded to Walker's ensuing questions by issuing Walker a building code citation for a loose electric cable on the exterior of Walker's home and for a lack of water service to the property. (Id. ¶ 17.) Buffington also sought permission to conduct a walk-through inspection of the interior of Walker's home, a request that Walker refused. (Id. ¶¶ 19-20.) Walker informed Wentz and Buffington that he intended to contact a lawyer to discuss the legality of their conduct. (Id. ¶ 21.) Wentz replied that Walker was free to speak with a lawyer but that Walker was required to vacate his property within five minutes, apparently due to the building code violations.[3] (Id. ¶ 22.) Walker retreated indoors to secure his home, and approximately three minutes later the police entered the premises to apprehend him, breaking the glass in his rear door to gain access. (Id.) Walker fled through the front door, where Wentz arrested him. (Id. ¶¶ 22-23.) Wentz transported Walker to York City Hall. Walker was handcuffed for approximately three hours, after which he was charged with

---

[3]The complaint does not allege the reason Wentz's instructed Walker to vacate the property, though Wentz's police report indicates that his order was associated with the building code violations. (Doc. 16 ¶¶ 17-21; Doc. 36, Ex. 1 at 9.)

3

defiant trespass for remaining within his home after it was declared unfit for human habitation by virtue of the building code violations. (Id. ¶¶ 23-24; Doc. 36, Ex. 1 at 9).[4]

Within two weeks of this incident, Wentz visited Walker's property a second time. (Doc. 16 ¶ 26.) During this visit, Wentz again arrested Walker for occupying an unfit residence, and Walker lost consciousness while being transported in Wentz's police vehicle. (Id.; Doc. 36, Ex. 2 at 7.) Wentz took Walker to the hospital, where Walker received treatment for unspecified injuries. (Doc. 16 ¶ 26.) Walker was charged with a second count of defiant trespass, and both counts were consolidated for trial before a Pennsylvania magisterial district judge. (Doc. 36, Ex. 1 at 7; Doc. 36, Ex. 2 at 6-7.) Walker was found guilty on both counts. (Doc. 36, Ex. 1 at 5; Doc. 36, Ex. 2 at 4; Doc. 36, Ex. 3 at 3.) A summary appeal of both convictions to the court of common pleas concluded with Walker pleading guilty to all charges. (Doc. 36, Ex. 3 at 3, 5.)

The instant action was commenced in December 2006 and an amended complaint was filed in January 2007. The second amended complaint, which is subject to the pending motions, followed in April. The complaint raises a myriad of constitutional claims, though it is unclear which defendants are alleged to have

---

[4]Defendants have filed certified copies of Walker's proceedings in state court. (See Doc. 36, Exs. 1-3.) The court takes judicial notice of these documents for purposes of the pending motions. See FED. R. EVID. 201(d); Cooper v. Pa. State Att'y Gen., No. 2:06cv1332, 2007 WL 2492726, at *2 (W.D. Pa. Aug. 30, 2007) (reiterating that a federal court may take judicial notice of state court records and dockets).

violated which constitutional doctrines.  The complaint generally claims that the City of York, Wentz, and Buffington violated his First, Fourth and Fourteenth Amendment rights by impounding his vehicles, arresting him, and bringing criminal charges.  (See id. ¶¶ 8-9, 11.)  He advances Fourth and Fourteenth Amendment deprivations by Darrah's relating to the impoundment of his vehicles.  (See id. ¶¶ 8-11.)  Walker contends that the City of York has engaged in systemic policy of removing automobiles "for the benefit of [the city's] vendors," and he claims African Americans are the object of these practices more frequently than Caucasian individuals.  (Id. ¶ 28-29.)  He further avers that on one unspecified occasion, Wentz threatened him with $1,000 fine unless he transferred title to one of his vehicles to Darrah's.  (Id. ¶ 30).

Peppered throughout the complaint are references to specific constitutional doctrines, including excessive force, unlawful search and seizure, malicious prosecution, substantive due process, procedural due process and First Amendment retaliation.  However, the complaint does not state which specific constitutional infractions each defendant allegedly committed, nor does it state whether the infractions are associated with Walker's first arrest, second arrest, or another instance.

## II.   Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the

court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally limited in its review to the facts in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules require the complaint to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Sershen v. Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting Erickson v. Pardus, --- U.S. ---, 127 S. Ct. 2197, 2200 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, --- U.S. ---, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007).  Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567,

at *2 (3d Cir. 2007) (quoting Twombly, --- U.S. at ---, 127 S. Ct. at 1969). Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

### III.   Discussion

Defendants argue that Walker's complaint should be dismissed because his claims are precluded by his convictions and guilty plea to the defiant trespass charges against him. In the alternative, plaintiffs move for a more definite statement of Walker's claims, contending that the complaint is insufficient to inform each defendant of which constitutional doctrines the defendant allegedly violated.

#### A.   **Preclusion by Virtue of Walker's Convictions**

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court announced the "favorable-termination rule," which forecloses certain § 1983 actions for plaintiffs who have pled guilty to criminal charges. In Heck, the Supreme Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87; see also Hunt v. City of Scranton, Nos. 06-4381, 06-4975, 2007 WL 1624099, *2-3 (3d Cir. June 6, 2007).

The final termination rule bars those § 1983 claims that have the effect of impugning the underlying criminal conviction.  Hence, a civil rights plaintiff cannot maintain a claim for malicious prosecution predicated upon a charge for which he has pled guilty because "an award of damages [for malicious prosecution] would necessarily imply that . . . [the] conviction and sentence were unlawful." Marable v. W. Pottsgrove Twp., 176 F. App'x 275, 281 (3d Cir. 2006); see also Kadonsky v. New Jersey, 188 F. App'x. 81, 85 (3d Cir. 2006).  Heck also bars First Amendment retaliation claims if the plaintiff invokes avowed criminal conduct as a basis for the claim.  See Gilles v. Davis, 427 F.3d 197, 202-03, 211-12 (3d Cir. 2005) (holding that plaintiff's participation in an accelerated rehabilitative program resulting from his disorderly conduct charge prevented him from advancing a First Amendment claim alleging that police filed the charge in retaliation for his exercise of free speech rights).

Heck does not restrict civil rights claims that have no collateral effect on the underlying criminal conviction.  Such claims include those for excessive force, unlawful search, and unlawful seizure.  See Heck, 512 U.S. at 487 n.7 ("[A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial . . . [b]ecause of doctrines like independent source and inevitable discovery."); Nelson v. Jashurek, 109 F.3d 142, 146 (3d Cir. 1997) (opining that the plaintiff's

success on an excessive force claim would not call into doubt his criminal conviction obtained after the allegedly improper arrest).

In the present case, Walker's malicious prosecution claim challenges the issuance of the defiant trespass citations and his conviction and subsequent guilty plea associated with them. Heck prevents him from collaterally attacking the propriety of his criminal citations in this manner. The motion to dismiss the malicious prosecution will therefore be granted. Leave to amend will be denied as futile except that Walker may amend his complaint to assert the claims if he provides evidence in the form of certified court records demonstrating that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487; see also Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Walker's First Amendment retaliation claim meets a similar fate. To establish a First Amendment retaliation claim, a plaintiff must prove: "first, that she engaged in protected activity; second, that the government responded with retaliation; third, that this protected activity was the cause of the government's retaliation." Pulice v. Enciso, 39 F. App'x 692, 696 (3d Cir. 2002). Gilles v. Davis, 427 F.3d 197 (3d Cir. 2005) addressed Heck's applicability to First Amendment retaliation claims. In Gilles, the plaintiff was cited and found criminally liable for disorderly conduct ancillary to his speech activity. Id. at 202-03. He subsequently

9

brought a claim under § 1983, alleging First Amendment claims against the officers who arrested him.  Id.  The Gilles court rejected these claims, holding that Heck prevented him from challenging his criminal prosecution[5] by alleging that it was the result of retaliatory motive rather than in response to his criminal activity.  Id. at 211; see also Miller v. Edminsten, 161 F. App'x 787, 789 (10th Cir, 2006) (holding that prisoner's suit alleging that he was disciplined in retaliation for exercise of his First Amendment rights was barred by Heck because it would have impaired the validity of his disciplinary proceedings).

In the present case, Walker's complaint does not identify the speech against which defendants allegedly retaliated.  However, the only speech alleged in the complaint is Walker's statement that he planned to contact an attorney regarding defendants' conduct.  (See Doc. 16 ¶ 20.)  In response to this speech, Wentz granted Walker five minutes to vacate his home but arrested him for defiant trespass after only three.  (Id. ¶¶ 21-23.)  If Walker alleges that his prosecution for defiant trespass constitutes a retaliatory act for purposes of a First Amendment claim, the resulting case would be akin to that rejected in Gilles.  The claim would effectively require the court to determine whether Walker's conviction rests on defendants' disdain of his allegedly protected speech rather than on his admitted criminal acts of defiant

---

[5]The plaintiff had voluntarily participated in an accelerated rehabilitative disposition program, which expunged the criminal citation upon successful completion of the program.  Gilles, 427 F.3d at 202.  The court determined that this constituted an unfavorable termination under Heck, capable of precluding subsequent civil rights suits.  Id. at 211.

trespass. Such an analysis is prohibited by Gilles and Heck. The motion to dismiss will be granted insofar as Walker relies on his prosecution to provide the retaliation element of his First Amendment claim. The motion will be denied to the extent that Walker alleges retaliatory government conduct extraneous to his prosecution for defiant trespass.

In contrast, Walker's Fourth Amendment claims for excessive force, unlawful search, and unlawful seizure do not challenge the validity of his conviction but rather attack the procedures used by defendants to effectuate his arrest. These claims merely challenge the method used to arrest him—they do not contest the validity of his underlying criminal convictions. Permitting him to maintain these claims would do no harm to his defiant trespass convictions, and the motion to dismiss will be denied as to them. See Nelson, 109 F.3d. at 145-46 (holding that Fourth Amendment claim that had effect of alleging that police "effectuated a lawful arrest in an unlawful manner" did not violate Heck).

The Fourteenth Amendment due process claims have a similarly benign effect on Walker's defiant trespass conviction. The complaint alleges that Walker's automobiles were seized, causing damage to the vehicles and to other items of property and allegedly violating his due process rights. These interests do not implicate Walker's defiant trespass conviction, which is wholly unrelated to the seizure of his automobiles. The motion to dismiss will therefore be denied with respect to this claim.

### B.    **Motion for a More Definite Statement**

Defendants' motions for a more definite statement request that Walker amend his complaint to assert counts enumerating which defendants allegedly violated each constitutional right.  They also seek an amended complaint that removes Walker's introductory statement and clarifies allegedly ambiguous language.

Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, "[a] party may move for a more definite statement of a pleading . . . [that] is so vague or ambiguous that the party cannot reasonably prepare a response."  FED. R. CIV. P. 12(e).  A defendant may invoke Rule 12(e) to challenge a complaint that fails to comply with the requirements of pleading practice established by Rule 10.  See Boyer v. LeHigh Valley Hisp. Ctr., No. Civ. A. 89-7315, 1990 WL 94038, at *7 (E.D. Pa. July 2, 1990).  Rule 10(b) requires that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count" if doing so would promote clarity.  FED. R. CIV. P. 10(b).  The use of separate counts becomes increasingly important when a plaintiff files suit against multiple of defendants and alleges various claims against each.  See, e.g., Grew v. Hopper, No. 2:07-CV-550, 2008 WL 114915, at *2 (M.D. Fla.  Jan. 9, 2008) (dismissing complaint for failure to comply with Rule 10(b) when plaintiff attempted to allege numerous causes of action against various defendants without pleading separate counts); Folkman v. Roster Fin. LLC, No. Civ. 05-2099, 2005 WL 2000169, at *4 (D.N.J. Aug. 16, 2005) ("When a complaint is brought against several distinct defendants, separate statements with

regard to each defendant are particularly helpful in apprising the individual defendants of claims pertaining only to them." (internal quotations omitted)); Boyer, 1990 WL 94038 at *7 (same).

In the instant case, plaintiff bases his allegations on multiple occurrences. He alleges constitutional deprivations arising from the seizure of his automobiles, his arrest on June 2, 2005, and his second arrest two weeks later. His contention that Wentz threatened on an unspecified occasion to fine him $1,000 unless he transferred a vehicle title to Darrah's potentially implicates another transaction or occurrence. Further, the complaint indicates that each defendant was involved in each occurrence to a varying degree. For example, Wentz arrested plaintiff on both occasions, but Buffington appears to have been involved only on the first. Darrah's was never involved in any of the arrest-related conduct. In light of the various roles each defendant played in the alleged constitutional deprivations, the court concludes that Rule 10(b) requires Walker's complaint to allege separate counts stating which defendant violated each right asserted by Walker. The court will grant plaintiff leave to file an amended complaint that complies with the strictures of Rule 10(b).

Defendants also seek a more definite statement on two additional grounds. They contend plaintiff should be required to re-plead his one-and-one-half page introductory statement in separate paragraphs. They also ask that allegedly ambiguous references to "later occasions," "certain York County proceedings," "litany of justifications," and "abusive situations" be described in greater detail.

13

Allegations in a complaint that contain background or introductory material are generally improper subjects of a motion for a more definite statement. Cf. Johnson v. GMRI, Inc., No. CV-F-07-0283, 2007 WL 963209, at *2 (E.D. Cal Mar. 29, 2007) (reiterating that court should not strike a background or historical material in a complaint unless prejudicial to the defendant). Similarly, a motion for a more definite statement is not a substitute for discovery and should not be used to seek information from the plaintiff beyond that which is necessary for the defendant to formulate a meaningful response. See Witt v. Merrill Lyn, Pierce, Fenner & Smith, Inc., 602 F. Supp. 867, 869 (W.D. Pa. 1985). The motion need not be granted as to ambiguities in pleading that can be resolved during discovery unless they prevent a defendant from responding to the complaint. Id.

Here, the introductory statement, while not a model of pleading propriety, simply provides an overview of Walker's allegations. It is largely supererogatory when compared to the substance of the Walker's allegations, which will become increasingly clear when Walker files an amended complaint containing counts. Similarly, the allegedly ambiguous phrases referencing extraneous activities of the City of York is a potential subject for discovery, and defendants may probe the precise referents of these phrases at that time. At present, they do not prevent defendants from formulating a meaningful response to the complaint. Accordingly, the motion for a more definite statement will be denied with respect to these requests.

**IV.     Conclusion**

Pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), the motion to dismiss of defendants Wentz, Buffington, and the City of York, will be granted with respect to the malicious prosecution claim and the First Amendment retaliation claim insofar as the latter invokes Walker's prosecution as a retaliatory act.  Leave to amend will be granted with the proviso that any amended complaint asserting these claims must describe a favorable termination of plaintiff's underlying criminal charges rendering the Heck doctrine inapplicable.  The motion will otherwise be denied.

Both defendants' motions for a more definite statement will be granted to the extent they request that Walker file a complaint containing separate counts alleging liability.  The motions will otherwise be denied.

An appropriate order will issue.


                                                          S/ Christopher C. Conner
                                                        CHRISTOPHER C. CONNER
                                                        United States District Judge

Dated:        February 15, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY LEE WALKER,** | : | CIVIL ACTION NO. 1:06-CV-2411 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **WILLIAM B. WENTZ, THE CITY OF YORK, DARRAH'S AUTOBODY, and STEVEN BUFFINGTON,** | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 15th day of February, 2008, upon consideration of the defendants' motions to dismiss (Docs. 20, 22), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to dismiss (Doc. 20) of defendants City of York, William B. Wentz, and Steven Buffington is GRANTED in part and DENIED in part as follows:

    a. The motion is GRANTED to the extent that it requests dismissal of the malicious prosecution claim and the First Amendment retaliation claim insofar as the latter invokes plaintiff's prosecution for defiant trespass as a retaliatory act. Leave to amend is denied as futile with respect to these claims, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002), except that plaintiff shall be permitted file an amended complaint asserting the claims if plaintiff demonstrates, through certified court records, that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," Heck v. Humphrey, 512 U.S. 477, 487 (1994).

  b. The motion is GRANTED to the extent that it requests that plaintiff file an amended complaint containing counts alleging which constitutional deprivations were committed by each defendant.

  c. The motion is otherwise DENIED.

2. The motion to dismiss (Doc. 22) of defendant Darrah's Autobody is GRANTED in part and DENIED in part as follows:

  a. The motion is GRANTED to the extent that it requests that plaintiff file an amended complaint containing counts alleging which constitutional deprivations were committed by each defendant.

  b. The motion is otherwise DENIED.

3. Plaintiff shall be permitted to file, on or before February 29, 2008, a Third Amended Complaint that contains counts specifying which constitutional rights each defendant allegedly violated.

4. In the absence of a timely filed amended complaint, the above-captioned case will be closed.

           S/ Christopher C. Conner
           CHRISTOPHER C. CONNER
           United States District Judge