IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY LEE WALKER**, | : | CIVIL ACTION NO. 1:06-CV-2411 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WILLIAM B. WENTZ, THE CITY OF YORK, DARRAH'S AUTOBODY**, and **STEVEN BUFFINGTON**, | : | |
| | : | |
| Defendants | : | |

## ORDER

AND NOW, this 10th day of March, 2009, upon consideration of defendants' motion (Doc. 40) to dismiss or for a more definite statement, and it appearing that a previous memorandum and order of court (Doc. 37)[1] granted defendants' preceding motions for a more definite statement, (see Doc. 37 at 16-17 ¶¶ 1.b, 2.a), and instructed plaintiff to file a third amended complaint identifying which constitutional deprivations were committed by each defendant, (id. ¶ 3), and it further appearing that the third amended complaint describes the facts from which

---

[1]Defendants move to dismiss plaintiff's complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 83.3.1 of the Local Rules of Court because plaintiff failed to file a third amended complaint within the time permitted by the court (Doc. 37). (See Doc. 41 at 4-7.) However, plaintiff attempted to file a timely amended complaint but mistakenly docketed it in a closed case related to the above-captioned matter. (See Doc. 13 in Walker v. Wentz, No. 1:05-CV-2685 (M.D. Pa.)). Court staff apprised plaintiff's counsel of the error, and he corrected the filing next day. (See Doc. 39.) The motion to dismiss under Rule 41(b) and Local Rule 83.3.1 will be denied in light of the good faith attempt of plaintiff's counsel to comply with the filing deadline and the court's preference for disposing of claims on their merits. See Jorden v. Nat'l Guard Bureau, 877 F.2d 245, 251 (3d Cir. 1989) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable.").

plaintiff's claims arise, (see Doc. 39 ¶¶ 12-31), that Count I of the complaint advances claims against defendant William B. Wentz for excessive force, unlawful search of plaintiff's home, unlawful seizure of plaintiff's automobiles, and First Amendment retaliation, (id. ¶¶ 34-36), that Count II states claims against defendant Steven Buffington for unlawful search of plaintiff's home and unlawful seizure of plaintiff's automobiles,[2] (id. ¶¶ 38-39), that Count III alleges a claim against defendant Darrah's Autobody for unlawful seizure of plaintiff's automobiles,[3] (id. ¶¶ 38-39), that Count IV contains a claim against defendant City of York for municipal liability,[4] (id. ¶¶ 44-45), and that Count V avers a substantive due process claim

---

[2] Buffington moves to dismiss Count II on the ground that it asserts a claim for harassment, which does not qualify as a constitutional violation. However, Count II advances claims for unlawful search and seizure. Plaintiff's allegation that Buffington harassed him does not constitute a separate claim but rather describes the circumstances under which the alleged infractions occurred.

[3] Darrah's Autobody ("Darrah's") seeks dismissal of Count III on the ground that the complaint does not allege that it is a state actor. However, the complaint avers that the City of York retained Darrah's as a vendor to remove unwanted or improperly parked automobiles, (id. ¶ 28), and that Wentz and Buffington instructed Darrah's to impound plaintiff's vehicles, (Doc. 39 ¶¶ 10, 15). These averments satisfactorily allege that Darrah's acted under color of state law. See Mays v. Scranton City Police Dep't, 503 F. Supp. 1255, 1264-65 (M.D. Pa. 1980) (concluding that a tow-truck operator may act under color of state law by removing a vehicle pursuant to instructions from law enforcement officials).

[4] The City of York moves to dismiss Count IV on the ground that it fails to identify the law upon which plaintiff predicates the municipal liability claim. However, plaintiff avers that defendant maintains a policy or custom of unlawfully impounding and liquidating vehicles from which it extracts profits. (Doc. 39 ¶¶ 8, 28-29, 45.) These averments adequately plead a municipal liability claim for unlawful seizure under § 1983. See Watson v. Abington Twp., 478 F.3d 144, 156 (3d Cir. 2007) (stating that liability may attach to a municipality if its policies or customs result in a constitutional deprivation).

against all defendants (id. ¶ 46),[5] and the court concluding that "[a] motion for a more definite statement is not a substitute for the discovery process," Wheeler v. U.S. Postal Serv., 120 F.R.D. 487, 488 (M.D. Pa. 1987), and that the same should be granted only when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response," FED. R. CIV. P. 12(e), and the court further concluding that the third amended complaint describes the actions of each defendant that give rise to liability, that it identifies the constitutional doctrines that each defendant allegedly violated, and that the same, viewed *in toto*, therefore provides defendants with "fair notice of what the . . . claim[s are] and the grounds upon which [they] rest[]," Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.

---

[5]Defendants request dismissal of the due process claim because it duplicates the claims asserted under the First, Fourth, and Fourteenth Amendments. When a particular constitutional amendment proscribes a state actor's conduct, the plaintiff may not simultaneously advance a due process claim based upon the same acts. County of Sacramento v. Lewis, 523 U.S. 833, 834 (1998). However, plaintiff's claims implicate a series of distinct transactions and occurrences, and discovery may reveal facts placing defendants' conduct beyond the reach of particular constitutional doctrines. Accordingly, the court will defer ruling on the propriety of plaintiff's due process claim until summary judgment, when the parties may present factually developed arguments discussing the applicability of particular constitutional amendments to defendants' conduct.

2008) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S 544, ---, 127 S. Ct. 1955, 1964 (2007)),[6] it is hereby ORDERED that:

1. The motion (Doc. 40) to dismiss or for a more definite statement is DENIED.

2. A revised pretrial and trial schedule shall issue by future order of court.

       S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[6]Counsel for Wentz, Buffington, and the City of York has submitted a reply brief accompanied by 127 pages of exhibits that chronicle the allegedly unprofessional conduct of plaintiff's counsel during this case and others before the court. These exhibits are not accompanied by a motion requesting sanctions or other relief, and the court will consider them no further. Defense counsel may seek redress for allegedly indecorous conduct by filing appropriate motions in the cases during which the conduct occurred.